J a
y a r
a m

lawyers for innovators®

April 14, 2026

**Via ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York

*Re: Elias v. Peleg, No. 1:25-cv-07852 (AS)*

Dear Hon. Judge Subramanian:

The motion and requested relief are GRANTED. The parties should from this point forward meet and confer in good faith on discovery. If a party asks for a meet and confer, the other side should promptly respond.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 15, 2026

Plaintiff Simon Elias ("Plaintiff") respectfully submits this motion to compel Defendant Joseph Peleg ("Defendant") to comply with his discovery obligations, including by (1) producing responsive documents promptly and (2) appearing for deposition. Plaintiff further seeks an extension of the deposition deadline due to Defendant's failure to participate in discovery.

### 1. Relevant Deadlines

Under the Court's Case Management Plan, all depositions must be completed by April 15, 2026. ECF No. 13. Plaintiff brings this motion prior to that deadline. This is Plaintiff's first request to extend any discovery deadlines. The need for such extension arises solely from Defendant's failure to produce documents, provide a production timeline, or make himself available for deposition despite repeated requests and sustained meet-and-confer efforts. Defendant's conduct has not merely delayed discovery—it has brought it to a standstill.[1]

### 2. Defendant's Failure to Comply with Discovery Obligations

Defendant has not complied with even the most basic discovery obligations. To date, Defendant has not produced a single document, has not engaged in any rolling production, and did not propose any production timeline until April 10, 2026. Defendant has also failed to make himself available for deposition within the Court-ordered schedule. Despite weeks of requests and repeated efforts to confer, Defendant has delayed even basic coordination necessary to move discovery forward. As a result, Defendant has effectively prevented Plaintiff from conducting any deposition within the Court's schedule. Defendant's failure to produce documents or meaningfully engage in discovery warrants an order compelling compliance. Such conduct undermines the orderly progression of discovery and the Court's scheduling order. Absent Court intervention, Defendant's delay will continue to obstruct discovery and prejudice Plaintiff's ability to prepare its case. Courts in this District recognize that a party's failure to participate in discovery, particularly where it causes prolonged delay, warrants court intervention and relief under Rule 37. *See Abdullah v. Delgado*, 2026 WL 449811, at *2-3 (S.D.N.Y. Jan. 5, 2026).

---

[1] Fact discovery is currently set to close on June 15, 2026. The limited extension requested herein is not expected to impact that deadline, provided that Defendant complies with the production schedule ordered by the Court and proceeds with discovery in a timely manner.

### 3.  Detailed Chronology of Plaintiff's Efforts and Defendant's Non-Compliance

The record reflects a sustained pattern of non-engagement by Defendant:

- On February 18, 2026, Plaintiff transmitted a draft protective order and requested prompt comments so that document production could proceed. Defendant did not respond.

- After more than a month of silence, on March 22, 2026, Plaintiff followed up, noting that discovery was ongoing, that no documents had been produced, and that Plaintiff was prepared to proceed with production upon entry of the protective order.[2] Defendant again did not respond.

- On March 25, 2026, Plaintiff sent a further follow-up explicitly invoking the Court's Individual Practices, noting that the Court requires a good-faith meet-and-confer within two business days and that Defendant had failed to comply with that requirement. Defendant did not respond until March 30, 2026.

- Counsel for the parties conferred on April 1, 2026. During that conference, Plaintiff raised document production, requested a timeline, and sought to ensure that discovery could proceed within the Court's schedule. Defendant did not provide a production date or commit to any timeline. Instead, Defendant proposed that the parties agree on search terms, indicating that Defendant had not yet undertaken any meaningful document collection or review. Plaintiff also requested dates for Defendant's deposition and proposed April 13 or 14, 2026.[3]

- On April 1, 2026, Plaintiff memorialized the conference in writing and again requested a date certain for document production and sought deposition availability.

- On April 2, 2026, Defendant provided proposed search terms but still did not commit to any production date.

- On April 3, 2026, with no production date and no documents received, Plaintiff proposed a modest two-week extension of the deposition deadline, requested confirmation of Defendant's availability for deposition on April 13 or 14, and again sought clarity regarding production timing. Defendant did not agree to the extension, did not confirm deposition availability, and did not provide a production date.

- Plaintiff continued to follow up. On April 6, 2026, Plaintiff again requested information regarding document production, deposition scheduling, and the outstanding extension request. On April 8, 2026, Plaintiff again wrote to Defendant and advised that, absent cooperation, it would be forced to seek relief from the Court. Defendant's response was not to engage in discovery, but to indicate that counsel was unavailable due to vacation and would respond at a later time. No documents were produced, no deposition date was provided, and no effort was made to comply with the Court's schedule.

---

[2] Plaintiff has informed Defendant on multiple occasions that it conducted a reasonable search for responsive documents and had a production prepared and ready to proceed. Plaintiff's production was contingent solely on the entry of a protective order due to the confidential nature of the materials, including sensitive financial information. Although the parties have now reached agreement on a protective order, Defendant previously delayed in responding to and finalizing that order for several weeks, which in turn delayed the commencement of document production and impeded the progress of discovery. ECF No. 26.

[3] The April 1, 2026 conference was attended by Nyall Cook on behalf of Defendant and Palak Patel (*pro hac vice* application pending) on behalf of Plaintiff. The conference was brief and did not meaningfully advance discovery. Counsel for Defendant indicated that Defendant wished to first agree on search terms and would provide proposed terms at a later time, but was unable to commit to any date certain for document production or for Defendant's deposition.

Vivek Jayaram
646-325-9855 • Vivek@jayaramlaw.com
jayaramlaw.com

54 W 21 St, Suite 801
New York, NY 10003

- Only on April 10, 2026 did Defendant propose a timeline suggesting document production in mid-May followed by depositions in June. Plaintiff promptly offered to confer regarding that proposed schedule; however, as of the filing of this motion, Defendant has not responded to that offer.[4]

In sum, Defendant failed to respond for extended periods, failed to comply with the Court's rules, and has still not produced any documents. The parties have reached an impasse, and Court intervention is required.

### 4. Requested Relief

Plaintiff respectfully requests that the Court:

1. Order Defendant to begin producing responsive documents within 14 days of the Court's order, on a rolling basis;

2. Order Defendant to substantially complete document production within 28 days of the Court's order;

3. Order Defendant Joseph Peleg to appear for deposition within 14 days of substantial completion of document production;

4. Extend the deadline for Plaintiff to conduct Defendant's deposition from April 15, 2026 to a date that accommodates the ordered production and deposition schedule; and

5. Grant such other and further relief as the Court deems appropriate, including fees and costs associated with Plaintiff's need to bring this motion.

The requested extension is a direct and necessary consequence of Defendant's failure to comply with its discovery obligations.

### 5. Position of Defendant

Plaintiff advised Defendant on April 8, 2026, that it would seek relief absent a response. Rather than engage in a timely manner, Defendant subsequently proposed a substantially delayed schedule, including production in mid-May and depositions thereafter. Plaintiff promptly offered to confer regarding that proposal and to explore whether any agreement could be reached. However, as of the filing of this motion, Defendant has not responded to Plaintiff's offer to confer, leaving Plaintiff with no choice but to seek Court intervention.

### 6. Conclusion

Plaintiff does not bring this motion lightly and has made repeated, good-faith efforts to resolve these issues without Court intervention. However, given the Court's scheduling order, the imminent deadlines, and Defendant's continued failure to engage in discovery or comply with its obligations, Plaintiff has been left with no practical alternative but to seek the Court's assistance.

---

[4] Defendant's proposed schedule, delaying document production until mid-May and depositions until June, is prejudicial in light of the June 15, 2026 discovery cutoff. Such a schedule would leave insufficient time for Plaintiff to review Defendant's production, pursue third-party discovery, conduct any additional depositions that may be warranted, and address or resolve any resulting discovery disputes before the close of fact discovery.

Vivek Jayaram
646-325-9855 • Vivek@jayaramlaw.com
jayaramlaw.com

54 W 21 St, Suite 801
New York, NY 10003

Plaintiff respectfully requests that the Court compel Defendant's compliance and grant the relief set forth above. We thank the Court for its consideration.

Sincerely,

**/s/ Vivek Jayaram**
Vivek Jayaram
Jayaram Law PLLC
54 W. 21st Street, Suite 801
New York, NY 10010
Phone: 646-596-1322
vivek@jayaramlaw.com

cc: All counsel of record via CM/ECF

Vivek Jayaram
646-325-9855 • Vivek@jayaramlaw.com         54 W 21 St, Suite 801
jayaramlaw.com                              New York, NY 10003