UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Simon Elias, | |
| Plaintiff, | |
| -against- | 25-CV-7852 (AS) |
| Joseph Peleg, | ORDER |
| Defendants. | |

ARUN SUBRAMANIAN, United States District Judge:

Defendant Peleg has filed a motion to dismiss for lack of personal jurisdiction. Dkt. 18. To the extent that the motion seeks relief under Fed. R. Civ. P. 12(b)(2), it is untimely, as Peleg has already answered the complaint. Dkt. 14. However, the defense of lack of personal jurisdiction was raised in the answer, *id.* at 12, and so it has not been waived (nor does Elias suggest that it has, at least on this basis). The defense of improper venue was also raised in the answer, *id.*, and the Court assumes without deciding the question that both defenses could be adjudicated either pursuant to a motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(c), or at summary judgment.

But cutting through things, plaintiff Elias's declaration indicates that the parties developed a relationship based on personal connections in New York, and that Peleg has other connections, unrelated to the wrongs at issue in this case, to New York. But as to the actual conduct from which the asserted claims arise, the declaration merely states that "[a]t the time Peleg began discussing investment opportunities with me, he knew that I lived in New York." Dkt. 22-1 at ¶ 10.

And there's a separate issue of proper venue. It's not clear how venue would be proper in this district under 28 U.S.C. § 1391(b). The defendant doesn't reside here. No one claims that "a substantial part of the events or omissions giving rise to the claim occurred" here. And it's not clear that "a substantial part of property that is the subject of the action is situated" here.

Maybe additional discovery could clear all of these issues up. But what's the point? Elias points out in his brief that he offered to Peleg to transfer this case to the Southern District of Florida, an overture that Peleg apparently rejected. It's unclear why that option was rejected, given that no one contests that there would be both jurisdiction and proper venue in the Southern District of Florida. And even if the Court were to accept Peleg's arguments for lack of jurisdiction in this forum, it would almost certainly transfer this case to the Southern District of Florida.

So the parties should meet and confer and by **April 30, 2026**, inform the Court whether the parties stipulate to transfer (or alternatively whether Peleg agrees to withdraw his motion). Doing so will get this case on its way more quickly, with less time and expense devoted to these threshold issues, and Peleg can litigate the claims closer to home. If the parties do not stipulate to transfer

(or to withdrawal of the motion), the party objecting to such an outcome should explain the reason why it is not acceptable, and not just by saying that they want to win and secure either denial of the pending motion, or an outright dismissal of the case (which, as the Court explains, is unlikely).

SO ORDERED.

Dated: April 28, 2026
        New York, New York

ARUN SUBRAMANIAN
United States District Judge